Per Curiam.

The Court are of opinion that the defendant is liable upon this contract of guaranty. The defendant contends, that the original note was not a partnership transaction, and therefore that there was no consideration for the guaranty. Whether the note was given for a partnership debt, does not distinctly appear. Generally a note given by one partner, for the subsistence of himself and family, would not be a partnership debt, nor binding upon the other partner without his consent; but this would depend upon the terms of the copartnership.[1] If the decision of the cause depended upon this question of fact, it would deserve further examination, but we trunk it does not.
The note was made in the partnership name, purported to bind both partners, and was binding upon the partners, if made with their consent. Supposing it to be made by Valentine for *150 his several debt, without the consent of the defendant, it would not indeed be binding on him, but no one else could make the objection, and it depended on himself, to insist on, or to waive the objection. Under these circumstances, knowing the terms of partnership between V alen tine and himself, and knowing the consideration for which the note was given, we are of opinion that his acknowledgment of his own liability, and his express obligation to guaranty the payment, were a waiver of any objection which he might have made to the note,[2]
[3] and therefore that this guaranty was given upon a good consideration, and that he is bound by it.[3]
Besides, the note was a good and available security against Valentine, and we are of opinion that the surrender of the note by the plaintiff to the defendant, with authority to collect the account, and to pursue the remedy upon it in his own way, whereby the power and control of the plaintiff over it were suspended, was of itself a sufficient consideration to support an express and deliberate contract of guaranty.[4]

Defendant defaulted.

 See Chitty on Contr. (4th Am. ed) 203a, note 2, and cases cited; Cha. zournes v. Edwards, 3 Pick. (2d ed.) 9, note 1; Whitaker v. Brown, 11 Wendell, 75 ; Munroe v. Cooper 5 Pick. 412.

 See Chitty on Contr. (4th Am. ed.) 203 a; Foster v. Andrews, 2 Pennsylv. R. 160.

 As to the consideration to support a guaranty, see Chitty on Contr. (4th Am. ed:) 397a, and cases cited in notes.

 See Stebbins v. Smith, 4 Pick. 99,100.